IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN MCAUTHUR TAYLOR, JR.,

        Plaintiff,

vs.                          Case No. 22-3115-SAC

PITTSBURG, KS. POLICE DEPARTMENT,
et al.,

        Defendants.

**O R D E R**

Plaintiff, <u>pro se</u>, has brought this action alleging violations of his constitutional rights and other causes of action. He proceeds <u>in forma pauperis</u>. Plaintiff filed two complaints on different forms on June 9, 2022. The complaints are similar but not the same. The court shall consider the complaint at Doc. No. 1 to be the operative complaint as it appears to be the more comprehensive of the two. That complaint is presented on a form for an action under 42 U.S.C. § 1983.[1] This case is before the court now for the purpose of screening the complaint.

I. <u>Screening standards</u>

Section 1915A of Title 28 requires the court to review cases filed by prisoners seeking redress from a governmental entity or

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted.  Section 1915 directs the court to dismiss an <u>in forma pauperis</u> action if the court determines that the action fails to state a claim for relief.  A court liberally construes a <u>pro se</u> complaint and applies "less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).  A <u>pro se</u> litigant, however, is not relieved from following the same rules of procedure as any other litigant. See <u>Green v. Dorrell</u>, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." <u>Whitney v. New Mexico</u>, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)(quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  The court accepts the plaintiff's well-pled factual allegations as true and

views them in the light most favorable to the plaintiff.[2]  <u>United</u>
<u>States v. Smith</u>, 561 F.3d 1090, 1098 (10th Cir. 2009).  The court,
however, is not required to accept legal conclusions alleged in
the complaint as true. <u>Iqbal</u>, 556 U.S. at 678. "Thus, mere 'labels
and conclusions' and 'a formulaic recitation of the elements of a
cause of action' will not suffice" to state a claim.  <u>Khalik v.</u>
<u>United Air Lines</u>, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting
<u>Twombly</u>, 550 U.S. at 555).

"The elements necessary to establish a § 1983 ... violation
will vary with the constitutional provision at issue." <u>Pahls v.</u>
<u>Thomas</u>, 718 F.3d 1210, 1225 (10th Cir. 2013) (quotation omitted).
Liability also depends upon on an individual defendant's personal
involvement in the constitutional violation.  <u>Id.</u>  "[I]t is
particularly important that a complaint provide sufficient notice
to individual government actors to allow them to prepare a
defense."  <u>Glaser v. City and County of Denver, Colo.</u>, 557
Fed.Appx. 689, 702 (10th Cir. 2014).  As the Tenth Circuit has
instructed:

> Because § 1983 ... [is a] vehicle[ ] for imposing
> personal liability on government officials,
> we have stressed the need for careful attention to particulars,
> especially in lawsuits involving multiple defendants. It
> is particularly important that plaintiffs make clear
> exactly who is alleged to have done what to whom, ... as
> distinguished from collective allegations. When various
> officials have taken different actions with respect to
> a plaintiff, the plaintiff's facile, passive-voice

---

[2] The court may also consider exhibits attached to a complaint.

> showing that his rights "were violated" will not
> suffice. Likewise insufficient is a plaintiff's more
> active-voice yet undifferentiated contention that
> "defendants" infringed his rights. . . .
>
> [This] applies with full force when a plaintiff
> proceeds under a theory of supervisory liability. . . .
> A plaintiff must . . . identify the specific policies
> over which particular defendants possessed
> responsibility and that led to the alleged
> constitutional violation.

Pahls, 718 F.3d at 1225–26 (citation, quotation, and alteration
omitted).

## II. The complaint – Doc. No. 1

While it is somewhat difficult to sort out, the complaint
appears to name the following defendants:  the Pittsburg, Kansas
Police Department; the Crawford County Sheriff's Department; the
Frontenac Police Department; and the Sheriff of Crawford County.
Plaintiff alleges that on May 13, 2022 three or four officers of
the Pittsburg Police Department approached plaintiff while he was
on his porch and asked plaintiff to step off the porch to talk
with the officers.  Plaintiff declined and the officers then
forcibly arrested plaintiff "aggressively grabbing, dragging, and
violently beating" plaintiff for no reason.  Doc. No. 1, p. 2.
Plaintiff asserts that this led to hospitalization and medical
expenses.  Plaintiff alleges an illegal search of his residence,
harassment, defamation via false accusations, and loss of his
property.  He alleges that evidence was planted by the officers.
In addition, plaintiff claims that he has been served a turkey

entrée which makes him sick, in spite of his grievances notifying staff that he cannot eat it.  Lastly, he asserts that he contracted COVID after only being in the Crawford County Jail for three or four days.

III. <u>Screening</u>

    A. <u>"Person" for purposes of § 1983</u>

    Plaintiff is bringing this action under § 1983 which provides for a cause of action against "persons" who, acting under the authority of state law, violate the Constitution or federal law. This court has held that governmental sub-units such as sheriff's departments and municipal police departments are not suable entities that qualify as "persons" for the purposes of § 1983. <u>Schwab v. Kansas</u>, 2017 WL 2831508 *13 (D.Kan. 6/30/2017)(Riley County Police Department); <u>Ward v. Lenexa, Kansas Police Dept.</u>, 2014 WL 1775612 *4 (D.Kan. 5/5/2014); <u>Johnson v. Figgins</u>, 2013 WL 1767798 *5 (D.Kan. 4/24/2013)(Wilson County Sheriff's Department); <u>Rivera v. Riley County Law Bd.</u>, 2011 WL 4686554 *2 (D.Kan. 10/4/2011)(Riley County Police Department); <u>Wright v. Wyandotte County Sheriff's Dept.</u>, 963 F.Supp. 1029, 1034 (D.Kan. 1997). Therefore, plaintiff may not proceed with an action against the Pittsburg Police Department, the Frontenac Police Department, or the Crawford County Sheriff's Department.  Actions under § 1983, if properly pled, may be brought against a city or a board of county commissioners.

B. Pleading liability too generally

The complaint fails to describe what official action, policy or custom by a city department or county sheriff caused the alleged constitutional violations in violation of § 1983. A city or a county sheriff may not be held liable under § 1983 merely because of a supervisory status over an employee who commits a constitutional violation. Dodds v. Richardson, 614 F.3d 1185, 1195 (10th Cir. 2010). A plaintiff must show that an action was taken by the city or the sheriff with the requisite degree of culpability and that there is a direct causal link to the constitutional violation. Id. at 1202. A plaintiff may show such a policy or custom through (1) formal regulations; (2) widespread practice so permanent that it constitutes a custom; (3) decisions made by employees with final policymaking authority that are relied upon by subordinates; or (4) a failure to train or supervise employees that results from a deliberate indifference to the injuries caused. Brammer-Hoelter v. Twin Peaks Charter Acad., 602 F.3d 1175, 1188-89 (10th Cir. 2010).

Plaintiff does not allege facts which plausibly show that an official action, policy or practice of a city or of the Sheriff of Crawford County caused the injuries he alleges in the complaint. The complaint collectively refers to three or four unnamed and unidentified officers and states that persons referred to as "they" acted against plaintiff. The complaint does not state exactly who

6

did what to plaintiff.  Additionally, the complaint uses conclusory labels such as "excessive force," "police brutality," "illegal search and seizure," and "racial profiling," which, without additional factual explanation, fail to provide fair notice of a plausible claim to a defendant and to the court.

　　C. Food

　　The Eighth Amendment of the Constitution requires prisons and jails to provide inmates with "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it."[3]  Ramos v. Lamm, 639 F.2d 559, 570-71 (10th Cir. 1980).  "'A substantial deprivation of food may be sufficiently serious to state a conditions of confinement claim under the Eighth Amendment' . . . where the prison officials demonstrated 'deliberate indifference.'"  Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006) (quoting Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002) and Estelle, 429 U.S. at 105).  An inmate plaintiff must allege both the objective and subjective elements of an Eighth Amendment claim; i.e., a sufficiently serious

---

[3] It appears that plaintiff may be a pretrial detainee.  The Constitution guarantees humane conditions of confinement for pretrial detainees through the Due Process provisions of the Fourteenth Amendment.  It guarantees humane conditions of confinement for inmates serving a sentence through the Eighth Amendment.  The Tenth Circuit has held that the same Eighth Amendment standard for conditions of confinement claims brought by inmates serving a sentence apply to Due Process claims by pretrial detainees. Burke v. Regalado, 935 F.3d 960, 991 (10th Cir. 2019).

deprivation and a knowing disregard of an excessive risk to health and safety. Womble v. Chrisman, 770 Fed.Appx. 918, 923 (10th Cir. 2019).

Upon review, the court finds that the complaint does not adequately allege either element. Plaintiff does not allege facts demonstrating the objective element of a substantially serious food issue. He asserts that he cannot eat a chopped turkey entrée that the jail has served. He does not allege specific facts, however, which indicate a substantial or immediate danger to plaintiff's health and well-being. Toevs v. Milyard, 563 Fed. Appx. 640, 643, 645-46 (10th Cir. 2014)(affirming dismissal of claim involving denial of nine consecutive meals during a three—day period); Richmond v. Settles, 450 Fed. Appx. 448, 456 (6th Cir. 2011) (finding the withholding of seven meals over a period of six days, "does not result in a health risk to the prisoner sufficient to qualify as a 'wanton infliction of pain' where the prisoner continues to receive adequate nutrition."); McGee v. Collett, 2020 WL 4569155 *2 (D.Kan. 8/7/2020)(denial of two meals during a week's time does not state an Eighth Amendment claim). Nor does the complaint show the subjective element, that is that a specific defendant knew of and disregarded an excessive risk to plaintiff's health and safety. See Shannon v. Graves, 257 F.3d 1164, 1168 (10th Cir. 2001)(allegations regarding adequacy of

protective gear were not sufficient to show knowing or reckless disregard for inmate health and safety).

  D. Negligence

  Finally, plaintiff alleges that he contracted COVID shortly after he entered the jail and notes that the Jail is not testing inmates before placing them in pods.  This appears to be a negligence claim.  Negligence, however, is not sufficient to state a constitutional violation under § 1983.  See Kingsley v. Hendrickson, 576 U.S. 389, 396 (2015).  A "defendant must possess a purposeful, a knowing, or possibly reckless state of mind."  Id.

IV. Conclusion

  The court shall consider Doc. No. 1 to be the operative complaint in this case.  For the above-state reasons, the court believes Doc. No. 1 fails to state a claim for relief.  The court shall grant plaintiff time until July 22, 2022 to show cause why this case should not be dismissed or to file an amended complaint which corrects the deficiencies found in the operative complaint. An amended complaint should be printed on forms supplied by the Clerk of the Court which may be supplemented.  Failure to respond to this order may result in the dismissal of this case.

  **IT IS SO ORDERED.**

  Dated this 23rd day of June 2022, at Topeka, Kansas.

          s/Sam A. Crow_____
          U.S. District Senior Judge

9