IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN MCAUTHUR TAYLOR, JR.,

        Plaintiff,

vs.                                  Case No. 22-3115-SAC

CARLTON PENNINGTON, et al.,

        Defendants.

**O R D E R**

This case is before the court for the purpose of screening plaintiff's amended complaint. Doc. No. 7. The court applies the screening standards discussed in the first screening order. Doc. No. 6, pp. 1-4.

I. The amended complaint

The amended complaint names three defendants: Carlton Pennington, Kevin Smith and Hunter Peterson. They are alleged to be Pittsburg, Kansas police officers. The amended complaint alleges that on May 13, 2022, he was "aggressively removed" from his private property at an address in Pittsburg, Kansas. Doc. No. 7, p. 4. Plaintiff alleges that he was told he was being arrested for domestic battery. Id. The amended complaint broadly states that plaintiff "was forced to speak with officers/defendants." Id. at p. 3. It claims generally that plaintiff was "injured and hospitalized behind their negative behavior" and that he was "handled very aggressively by the defendants." Id. Plaintiff

1

claims that he was "profiled because of my background/record." Id.

II. Screening

The amended complaint is filled with conclusory claims. It does not allege facts which plausibly demonstrate that plaintiff was arrested without probable cause, or that he was compelled to make a statement to defendants which was used against him, or that he was subjected to unreasonable force. Plaintiff does not allege facts which explain why his arrest was unfounded, how he was forced to make a statement (or what the statement was), or how an unreasonable degree of force was employed against him. He does not describe his injuries or explain the role of each defendant in the use of alleged excessive force, or any other potential constitutional violation.[1]

Conclusory allegations of arrest without probable clause fail to state a claim for relief. See Gollaher v. Wentland, 2022 WL 839958 *3-4 (10th Cir. 3/22/2022); see also Erikson v. Pawnee County Bd. of County Com'rs, 263 F.3d 1151, 1154 (10th Cir. 2001)(dismissing malicious prosecution claim without specific facts showing a lack of probable cause); Jones v. District Attorney Office, 2012 WL 5306282 *3 (D.Kan. 10/29/2012)(conclusory

---

[1] In the prior screening order, the court noted that it was "particularly important that plaintiffs make clear exactly who is alleged to have done what to whom, ... as distinguished from collective allegations." Doc. No. 6, p. 3 (quoting Pahls v. Thomas, 718 F.3d 1210, 1225 (10th Cir. 2013)).

allegations of search, seizure and arrest without probable cause are insufficient to state a claim particularly when plaintiff was detained and subjected to criminal proceedings).

Allegations of excessive force without elaboration as to the need presented for force, the extent of injury and the motives of the state actor, also fail to state a claim of relief. See Barr v. Gee, 437 Fed.Appx. 865, 878 (11th Cir. 2011)(conclusory assertion of excessive force is not sufficient to state a claim); Anderson v. Easter, 2020 WL 2306616 *2 (D.Kan. 5/8/2020)(collecting cases rejecting vague assertions of assault or excessive force); Bain v. Oklahoma County, 2016 WL 2930447 *4 (W.D.Okla. 4/8/2016)(conclusory allegation of excessive force does not support a § 1983 claim); Robbins v. County of Boulder, 2014 WL 3929143 *3 (D.Colo. 8/12/2014) aff'd, 592 Fed.Appx. 710 (10th Cir. 11/25/2014)(dismissing excessive force claim resting on conclusory allegations).

The Fifth Amendment protects a person from being compelled in a criminal case to be a witness against himself, and permits him to refuse to testify against himself at a criminal trial in which he is a defendant. Vega v. Tekoh, 142 S.Ct. 2095, 2101 (2022). Also, it protects him from answering official questions put to him in any other proceeding where the answers might incriminate him in the future, and it prevents the introduction against a criminal defendant of statements obtained by compulsion. Id. Plaintiff

alleges no specific facts which plausibly establish that any of these protections were violated by a defendant named in the amended complaint.

"[D]ismissal is appropriate where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Al-Owhali v. Holder, 687 F.3d 1236, 1240 (10th Cir. 2012)(interior quotation omitted).  As explained above, the amended complaint fails to allege specific facts which nudge this action beyond the threshold of merely possible misconduct.

III. Conclusion

For the above-state reasons, the court believes the amended complaint fails to state a claim for relief.  The court shall grant plaintiff time until August 29, 2022 to show cause why this case should not be dismissed or to file a second amended complaint which corrects the deficiencies found in the amended complaint.  An amended complaint should be printed on forms supplied by the Clerk of the Court which may be supplemented.  Failure to respond to this order may result in the dismissal of this case.

**IT IS SO ORDERED.**

Dated this 27th day of July 2022, at Topeka, Kansas.

s/Sam A. Crow
U.S. District Senior Judge

4