IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN MCAUTHUR TAYLOR, JR.,

            Plaintiff,

vs.                                      Case No. 22-3115-SAC

CARLTON PENNINGTON, et al.,

            Defendants.

**O R D E R**

This case is before the court for the purpose of screening plaintiff's second amended complaint. Doc. No. 9. The court applies the screening standards discussed in the first screening order. Doc. No. 6, pp. 1-4. The court notes that in prior screening orders plaintiff has been cautioned that the court is not obliged to accept the truth of conclusory statements. Doc. No. 6, pp. 6-7; Doc. No. 8, pp. 2-3.

I. The second amended complaint

The complaint names three Pittsburg, Kansas police officers as defendants: Kevin Smith, Carlton Pennington, and Hunter Peterson. Plaintiff alleges that the three defendants searched plaintiff's residence on May 13, 2022, but exceeded the scope of the consent to the search. The complaint states: "[Defendants] were not [to] go past the living room which was [the] crime scene. They didn't get consent from anyone at the home."

1

Plaintiff further alleges that defendant Smith "dragged" and "hit" plaintiff; defendant Peterson assisted Smith in "hitting, holding [and] dragging" plaintiff "quite a ways" to the patrol car; and that defendant Pennington "grabbed, held, [and] hit" plaintiff. The complaint states that all three defendants directed vulgar language at plaintiff. Plaintiff claims that he was hospitalized, that he could not walk, that his feet were swollen and in "major pain," and that he had to use a wheelchair. The complaint indicates that plaintiff is still incarcerated after his arrest and the search.

Finally, the second amended complaint asserts that plaintiff's Fifth Amendment rights were violated because he was interviewed twice by defendants. Plaintiff states that he felt pressured to lie to incriminate himself.

II. Screening

A. Excessive force

The Fourth Amendment, not the Eighth Amendment as alleged in the complaint, prohibits the use of excessive force when making an arrest. Graham v. Connor, 490 U.S. 386, 395 (1989). The Tenth Circuit has stated:

> An officer does not violate the Fourth Amendment if the use of force is objectively reasonable. [Graham] at 397, 109 S.Ct. 1865. Objective reasonableness turns on three factors:
> 1. whether the suspected crime was serious,
> 2. "whether the suspect pose[d] an immediate threat to the safety of the officers or others," and

> 3. whether the suspect actively resisted arrest or attempted to flee.

McWilliams v. Dinapoli, 40 F.4th 1118, 1124 (10th Cir. 2022)(quoting Casey v. City of Fed. Heights, 509 F.3d 1278, 1281 (10th Cir. 2007)).  The court should also consider the facts and circumstances of each particular case.  Casey, 509 F.3d at 1281.

Plaintiff does not allege facts demonstrating that he was arrested for a non-serious crime.[1]  The second amended complaint also does not allege facts demonstrating that plaintiff did not pose a threat.  With regard to resisting arrest, the complaint asserts broadly that plaintiff chose to cooperate with the police, but this appears belied by the repeated claim that the police dragged plaintiff to the patrol car.

Plaintiff does not state describe how much force was used against him, how his feet were injured, what treatment he received in the hospital, how long he was at the hospital, or how long he used a wheelchair.  As the court has noted previously in this case and others, broad allegations of "beating", "excessive force" and "assault" have been held to be too vague to state a claim for relief.  Doc. No. 8, p. 3 (citing cases); Anderson v. Easter, 2020 WL 2306616 *2 (D.Kan. 5/8/2020). Given the absence of additional detailed or descriptive language relevant to the factors

---

[1] The amended complaint states that plaintiff was told he was being arrested on a domestic battery charge.

considered with an excessive force claim, the court finds that plaintiff's allegations are inadequate to state a claim for relief for excessive force under the Fourth Amendment.[2]

B. Search and seizure

The second amended complaint makes a broad claim that defendants illegally searched plaintiff's residence, stating that they did not get consent from anyone at the home to go past the living room. This is a conclusory allegation which does not separately describe the actions of each defendant and is not sufficient to state a constitutional violation.[3] See Pahls v. Thomas, 718 F.3d 1210, 1225 (10th Cir. 2013)(it is particularly important to make clear exactly who is alleged to have done what to whom as distinguished from collective allegations); Robertson v. Las Animas County Sheriff's Dept., 500 F.3d 1185, 1193 (10th Cir. 2007)(conclusory allegations are insufficient to state a constitutional violation); Jones v. District Attorney Office, 2012 WL 5306282 *3 (D.Kan. 10/29/2012)(conclusory allegations of search, seizure and arrest without probable cause are insufficient

---

[2] Plaintiff's allegations of vulgar language do not add significantly to an excessive force claim. Taylor v. Jones, 2019 WL 3781616 *6 (N.D.Fla. 7/9/2019); Hudson v. Goob, 2009 WL 789924 *12 (W.D.Pa. 3/24/2009).

[3] Under Maryland v. Buie, 494 U.S. 325, 336-37 (1990), law enforcement may conduct a "protective sweep" of a residence without a separate search warrant and without probable cause or reasonable suspicion if officers have a reasonable belief the sweep is necessary for safety.

4

to state a claim particularly when plaintiff was detained and subjected to criminal proceedings).

### C. Police interviews

Finally, plaintiff alleges that he was interviewed twice by "defendants" and felt pressured. These bare allegations do not assert that plaintiff was coerced into making an incriminating statement or that the statement was used against plaintiff. They also do not make clear the roles of each defendant. Under these circumstances, the court finds that plaintiff has failed to state a claim for a Fifth Amendment violation. See Chavez v. Martinez, 538 U.S. 760, 766 (2003); Alexander v. City of Round Rock, 854 F.3d 298, 307 (5th Cir. 2017).

### III. Conclusion

For the above-stated reasons, the court finds that plaintiff has failed to state a claim for relief. The court directs that this case be dismissed without prejudice.

**IT IS SO ORDERED.**

Dated this 15th day of August 2022, at Topeka, Kansas.


s/Sam A. Crow_____
U.S. District Senior Judge